**Euphime V. BERESLAVSKY**
v.
**The UNITED STATES.**
**No. 48722.**

United States Court of Claims.
May 8, 1957.

W. Brown Morton, Sr., New York City, for plaintiff. Clarence M. Fisher, Washington, D. C., W. Brown Morton, Jr., Pennie, Edmonds, Morton, Barrows & Taylor, Washington, D. C., were on the briefs.

William F. Weigester, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

In our former opinion in this case, reported in 124 F.Supp. 356, 129 Ct.Cl. 427, dealing only with the question of validity, we held that the invention disclosed in claim 1 of plaintiff's patent consisted in adding to natural gasoline an amount of mesitylene, over and above the amount normally found therein. Gasoline produced from oil wherever found, except in two places, has a certain amount of mesitylene in it. Plaintiff discovered that the addition of more mesitylene to it would prevent a gasoline engine from knocking. That was his invention.

Mesitylene is one of the aromatic hydrocarbons; xylene is another. Before Bereslavsky's patent, Taber and Essex had discovered that the addition of xylene to gasoline would prevent knocking; but we held that this patent did not anticipate Bereslavsky's patent, because it emphasized xylene, whereas Bereslavsky emphasized mesitylene.

Now, defendant has produced a mixture which contains some mesitylene, but no more than is normally found in natural gasoline produced by distillation, cracking, etc., with a minor and insignificant exception, now to be stated.

To the gasoline, defendant added an aromatic mixture, called CTC, which contained aromatic hydrocarbons, most of which had antiknock properties in varying degrees, as set out in finding 20. In volume this mixture was 6.85 per cent of the total. Only 5.25 per cent of this 6.85 per cent was mesitylene. Thus, mesitylene in defendant's product was only 0.36 per cent of the total volume. The specifications of plaintiff's patent called for mesitylene of from 5 to 20 per cent of the total.

Thus, it appears that the presence of mesitylene in defendant's mixture was merely incidental. The trial Commissioner, after careful analysis of defendant's mixture and comparison of it with plaintiff's invention, concluded: "Its amount * * * was far too small to produce the result disclosed and intended by the patent in suit." We thoroughly agree.

We are of opinion that defendant has not infringed plaintiff's patent. Plaintiff's petition is accordingly dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.